Parker C. J.
delivered the opinion of the Court. So far forth as the demand upon the promisor was according to the usage of the bank, we think the defendants are bound by it, since they indorsed the note to the plaintiffs, of whose form of making a demand and giving notice they must be presumed to have had knowledge; but the difficulty lies in the plaintiffs’ having departed from their own practice in regard to the time of making the demand, and giving notice to the indorser of the non-payment of the note by the maker. It is stated to be the custom of the bank, to give notice to the maker and indorser on the last day of grace immediately after the bank is closed, and it also appears that the business hours of the bank are from 9 A. M. to 2 P. M. The notifications in this case were issued before the business hours commenced on the last day of grace. That which, according to the custom, was to serve as a demand upon the maker, then living in Newburyport, was put into the post-office early in the morning of the day on which the note became due. This was before it was due, according to the bank’s own practice ; which allowed the usual banking hours of that day for payment ; and even the notice to the defendant, as indorser, was left at his place of business before 9 o’clock on the same day, when there had been no default in the maker.
But it is said that the note being due on the 9th of May, a demand and refusal to pay on any part of that day, with immediate notice to the indorser, will give a right to an action against the latter.[1] This is true where there is an actual demand upon the maker according to the general rule of law. But the bank *429 has substituted a usage of its own, according to which a note is not considered dishonored until after the bank is closed, on the last day of grace. This constructive demand, which they have acquired the privilege of making, instead of the more formal and troublesome mode which the law imposes upon the rest of the community, must be made according to the rules of their own adoption, if they would avail themselves of their privilege ; they must not, as they did in the present case, enforce their custom as to the mode of demand, and depart from it as to the time.
We think therefore the plaintiffs cannot recover, there having been no legal demand upon the maker of the note, before the action was commenced.

Plaintiffs nonsuit.

 See Greeley v. Thurston, 4 Greenleaf, 479; Flint v. Rogers, 15 Maine R. (3 Shepley,) 67; Dennie v. Walker, 7 N. Hamp. R. 201; Farmers' Bank v. Duvall, 7 Gill & Johns. 89; Wilson v. Williman, 1 Nott & M'Cord, 440 ; Church v. Clark, 21 Pick. 310 ; Staples v. Franklin Bank, 1 Metcalf, 13.